IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No.: 7:09-CV-60-BO

| | | |
|---|---|---|
| COUNTY OF BRUNSWICK | ) | |
| | ) | |
| Plaintiff, | ) | **BRUNSWICK COUNTY'S** |
| | ) | **MEMORANDUM OF LAW IN** |
| v. | ) | **SUPPORT OF MOTION FOR** |
| | ) | **SUMMARY JUDGMENT** |
| LEXON INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NATURE OF THE CASE

Plaintiff County of Brunswick ("Brunswick County") filed this lawsuit to recover payment from Lexon Insurance Company ("Lexon") on two performance bonds that Lexon has failed and refused to honor (the "Bonds"). The Bonds guarantee the payment of the cost to complete the road, water and sewer infrastructure improvements in the Avalon of the Carolinas Subdivision ("Avalon"), which is located in Brunswick County. The Bonds were purchased from Lexon by the developer of Avalon, Town & Country Developers at Wilmington, Inc. ("T&C"). When T&C failed to complete the required infrastructure improvements, Brunswick County called on Lexon to pay the cost to complete them, as is required by the Bonds. Lexon refused.

Lexon admits that it issued the Bonds, admits that it has not paid the principal amounts due under the Bonds, and has not opposed or otherwise challenged Brunswick County's estimate of the cost to complete the guaranteed improvements. Lexon asserted several generic affirmative defenses in its Answer but refused to designate a corporate

representative to testify regarding what facts, if any, support those defenses and then Lexon failed to attend its own deposition. There are no real defenses to Lexon's failure to honor the Bonds.

As set forth below, there is no genuine issue as to any material fact, and Brunswick County is entitled to judgment as a matter of law.

**STATEMENT OF FACTS**

A.     <u>The Brunswick County Subdivision Ordinance Provides for the Posting of Performance Bonds to Obtain Plat Approval.</u>

The Brunswick County Subdivision Ordinance ("Ordinance") sets forth the process by which a developer may obtain approval for new subdivisions. <u>See</u> Declaration of Jana Berg ("Berg") at ¶4. The developer must first submit a sketch design plan, followed by a preliminary plat and finally by the final plat, which sets forth in detail the plans for the subdivision. <u>Id</u>. Before a final plat may be approved by the Brunswick County Planning Board, certain road, water and sewer infrastructure improvements must be installed. Berg, ¶5. In lieu of actually installing these infrastructure improvements as a condition to final plat approval, a developer may promise to complete the improvements by entering into an Improvement Guarantee Agreement and provide a financial guarantee. <u>Id</u>.

The financial guarantee may be provided by a surety performance bond. Berg, ¶6. A performance bond is a "third party's agreement to guarantee the completion of a construction contract upon the default of the general contractor." Bryan A. Garner, <u>Black's Law Dictionary</u> 1174 (8th ed. 2004). Pursuant to the Ordinance, a developer may obtain a performance bond payable to Brunswick County in an amount equal to one-

hundred and twenty-five percent (125%) of the estimated cost to complete a subdivision's infrastructure improvements. Berg, ¶6. Once the developer obtains such a performance bond, the Brunswick County Planning Board may approve the final plat. Id.

The performance bond remains in effect until the infrastructure improvements are accepted by the County. Berg, ¶6. If a developer fails to complete the infrastructure improvements in a timely manner, then the surety to the performance bond must pay all or a portion of the bond, as requested by Brunswick County, up to the amount needed to complete the improvements based on an engineering estimate. Berg, ¶7.

**B.** **Lexon Issued Performance Bonds Guaranteeing the Cost to Complete the Avalon Infrastructure Improvements.**

T&C was the original owner and developer of Avalon. Berg, ¶8. In order to obtain approval of the final plat for Avalon, T&C (1) executed an Improvement Guarantee Agreement, agreeing to complete the infrastructure in Avalon by April 1, 2009, and (2) obtained the Bonds from Lexon in an amount sufficient to guarantee the cost to complete those improvements. Berg, ¶9. The Bonds were issued on May 11, 2006, and originally provided Brunswick County a financial guarantee of $5,658,743.44. Berg, ¶10. After a portion of the improvements were completed, the amount of the Bonds was reduced to $3,584,875.44. Id. Lexon is the surety to the Bonds, and does not dispute that it issued the Bonds. Lexon Answer, ¶¶4-6.

**C.** **T&C Failed to Complete the Improvements, and Brunswick County Provided Lexon Notice of Default.**

By summer 2008, it was apparent to Brunswick County that T&C would not complete the required infrastructure improvements by April 1, 2009, as required by its agreement and the Bonds. Berg, ¶11. Brunswick County provided Lexon with a notice

of default, and called on it to perform its obligations under the Bonds. Lexon took no action to satisfy these obligations, and no further improvements were completed. Id.

On April 1, 2009, the Brunswick County Planning Board passed a resolution formally declaring that the Avalon infrastructure improvements had not been completed, and again called upon Lexon to satisfy its obligations. Berg, ¶12. Lexon again took no action. Berg, ¶13. Brunswick County filed this lawsuit on April 13, 2009, seeking to recover the cost to complete the Avalon infrastructure improvements.

### D. Lexon Failed to Participate in Discovery.

Lexon has refused to designate or produce a corporate representative to provide deposition testimony pursuant to Federal Rule of Civil Procedure 30(b)(6). Brunswick County served a 30(b)(6) deposition notice on Lexon on October 14, 2009 for a deposition to be taken on November 5, 2009. Declaration of Matthew Mall ("Mall"), ¶3. The notice set forth three topics for examination, including the affirmative defenses pled by Lexon in its Answer. Mall, Exhibit 1. After receiving the deposition notice, Lexon indicated it would commence settlement negotiations that could render the deposition unnecessary, or that it would be willing to enter into written stipulations to achieve the same effect. Thus, at Lexon's request, Brunswick County agreed to postpone the deposition until November 24 and to hold the deposition telephonically. Mall, ¶4, Exhibit 2.

Thereafter, Lexon refused to provide Brunswick County with the identity and location of Lexon's corporate representative. Mall, Exhibit 2. Brunswick County therefore re-issued its initial deposition notice on November 18, with the deposition to be taken November 24. Mall, ¶5. Instead of designating and producing a corporate

representative to testify, however, Lexon filed a last minute Motion for Protective Order on the evening of Friday, November 20, seeking to avoid the deposition scheduled for the following Tuesday, November 24.  See Lexon Motion for Protective Order; Brunswick County Opposition to Motion for Protective Order.  To date, the Court has not granted Lexon a protective order.  Mall, ¶9.

Because Lexon did not obtain a protective order, Brunswick County commenced the duly noticed deposition of Lexon's corporate representative on November 24, 2009 at 10 a.m.  Mall, ¶8.  Lexon did not appear.  Mall, Exhibit 2.  Instead, counsel for Lexon emailed counsel for Brunswick County at 10:33 a.m. – half an hour *after* the deposition was scheduled to commence – and stated "[w]e do not have a deponent for today."  Mall, ¶9.  Discovery has now closed.  See Scheduling Order.

## ARGUMENT

Summary judgment should be granted when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  Although the movant bears the burden of establishing a lack of disputed facts and law, the non-moving party must respond with more than a mere scintilla of evidence to avoid summary judgment.  Anderson, at 252.  Summary judgment is proper unless the non-movant produces evidence sufficient for a reasonable jury to return a favorable verdict; merely colorable evidence will not preclude summary judgment.  Id. at 248-50.

## I. BRUNSWICK COUNTY IS ENTITLED TO SUMMARY JUDGMENT FOR LEXON'S BREACH OF THE BONDS.

There is no genuine dispute as to the facts relevant to Brunswick County's claim for breach of the Bonds and Brunswick County is entitled to judgment as a matter of law. Summary judgment should therefore be entered in favor of Brunswick County.

A performance bond is a contract, governed by the law of contracts. Town of Pineville v. Atkinson/Dyer/Watson Architects, P.A., 114 N.C. App. 497, 499, 442 S.E.2d 73, 74 (1994). Only two elements are necessary to prevail on a breach of contract claim: (1) the existence of a valid contract, and (2) a breach of the terms of that contract. Poor v. Hill, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000). As set forth below, there is no genuine issue of material fact as to either of these elements, and Brunswick County is entitled to judgment as a matter of law.

A court may "properly interpret [a] contract as a matter of law and enter summary judgment," when the contract is unambiguous. World-Wide Rights Limited Partnership v. Combe, Inc., 955 F.2d 242, 245 (4th Cir. 1992); Carolina Place Joint Venture v. Flamers Charburgers, Inc., 145 N.C. App. 696, 699, 551 S.E.2d 569, 571 (N.C. Ct. App. 2001) ("[W]here an agreement is clear and unambiguous, no genuine issue of material fact exists and summary judgment is appropriate."). Moreover, "the most fundamental principle of contract construction [is] that the courts must give effect to the plain and unambiguous language of a contract." Johnston County v. R.N. Rouse & Co., 331 N.C. 88, 414 S.E.2d 30, 34 (1992). In doing so, the court must "read into" the language of the contract the laws existing at the time the contract was entered into, which "become part of the contract." Poole & Kent Corp. v. C.E. Thurston & Sons, Inc., 286 N.C. 121, 209

S.E.2d 450, 455 (1974). The application of these principles requires that judgment be entered in favor of Brunswick County.

### A. There Is No Dispute Over the Existence or Validity of the Bonds.

Lexon admitted that it issued the Bonds:

> [I]t is admitted that Lexon, as surety, issued Performance Bond, No. 1012878 ….

> [I]t is admitted that Lexon, as surety, issued Performance Bond, No. 1012879 ….

Lexon Answer, ¶¶4, 5. Moreover, Lexon could not and did not assert any affirmative defenses related to the validity of the Bonds. See id. There is no issue of material fact as to the first required element, the "existence of a valid contract." Poor, 530 S.E.2d at 843.

### B. There Is No Genuine Dispute that Lexon's Breached the Terms of the Bonds.

The plain language of the Bonds provides that Lexon is obligated to pay Brunswick County the principal sum of the Bonds, unless the guaranteed infrastructure improvements are completed by April 1, 2009.[1] Berg, ¶9 and Exhibit 2. The improvements were not completed by April 1, 2009, and remain uncompleted. Berg, ¶¶12-13. Lexon concedes that "it has neither completed the infrastructure improvements, nor paid the principal amount of the Performance Bonds to the County of Brunswick." Lexon Answer, ¶11. There is no genuine issue of material fact as to the second and final required element, that Lexon "breached the terms" of the Bonds. See Poor, 530 S.E.2d at 843.

---

[1] Lexon filed a Motion to Stay in which it contended that the recently passed Permit Extension Act retroactively cured Lexon's breach of the Bonds and provided it additional time to perform its obligations. Brunswick County filed a Response in Opposition to Lexon's Motion in which it set out in detail the several independently sufficient reasons why the Act does not and cannot apply. Brunswick County therefore will not address the application of the Act in this memorandum.

This conclusion is also required by the provisions of the Ordinance. T&C entered the Improvement Guarantee Agreement and purchased the Bonds from Lexon in order to obtain final plat approval for Avalon. Berg, ¶9. The Ordinance sets forth the applicable procedure upon default in this context:

> Upon default, meaning failure on the part of the subdivider to complete the required improvements in a timely manner as spelled out in the performance bond … then the surety … shall, if requested by the Planning Board, pay all or a portion of the bond … to Brunswick County up to the amount needed to complete the improvements ….

Berg, ¶7 and Exhibit 1 at §4.4B. After T&C failed to complete the improvements, Brunswick County, through the Planning Board, duly requested that Lexon pay the amounts due under the Bonds. Berg, ¶¶11-12. As set out above, Lexon has failed to pay any amount. Answer, ¶11; Berg, ¶13. The Ordinance thus confirms that Lexon is in breach of its obligations under the Bonds.

Because there is no genuine dispute as to the facts relevant to the only two required elements of Brunswick County's claim for breach of the Bonds, Brunswick County is entitled to judgment as a matter of law. Summary judgment should therefore be entered in favor of Brunswick County.

## II. LEXON SHOULD BE BARRED FROM ATTEMPTING TO SUPPORT ITS GENERIC DEFENSES BECAUSE IT REFUSED TO PARTICIPATE IN DISCOVERY.

Brunswick County is separately and independently entitled to summary judgment because Lexon has refused and failed to designate or produce a corporate representative to testify regarding the alleged factual bases for any of the sixteen generic affirmative defenses Lexon plead in its Answer.

Brunswick County is not aware of any evidence supporting any of Lexon's affirmative defenses. Moreover, Lexon refused to designate a corporate representative to testify as to those defenses and then failed to appear at its own properly noticed deposition. Lexon should therefore be barred from attempting to rely on any of the generic affirmative defenses plead in its Answer.

Pursuant to Rule 37(d)(1)(A), a court may impose sanctions if a party or its corporate representative "fails, after being served with proper notice, to appear for that person's deposition." Id. Available sanctions include "striking pleadings in whole or in part," "prohibiting the disobedient party from supporting or opposing designated claims or defenses" and "rendering a default judgment against the disobedient party." Id. at 37(d)(3) (referencing 37(b)(2)(A)(i)-(vii)). Here, this Court should bar Lexon from relying on any of the affirmative defenses plead in its Answer to sanction Lexon for failing to designate or produce a corporate representative for deposition.

Brunswick County listed only three topics on its deposition notice: (1) Performance Bond No. 1012878 and Lexon's obligations pursuant thereto; (2) Performance Bond No. 1012879 and Lexon's obligations pursuant thereto; and (3) all affirmative defenses raised by Lexon in its Answer. Mall, Exhibits 1, 3. The purpose of the deposition was to discover what facts, if any, supported Lexon's contention in its Answer that "Lexon would admit that it has neither completed the infrastructure improvements, nor paid the principal amount of the Performance Bonds to the County of Brunswick, but would aver that such actions are not yet required, if at all, by Lexon" as well as the generic affirmative defenses asserted by Lexon. Id.; Answer, ¶11. Yet,

Lexon refused to designate or produce a witness to testify about the topics. Mall, Exhibit 2; ¶9.

Because Lexon has refused to permit Brunswick County to discover what facts, if any, support the defenses plead in Lexon's Answer, Lexon should be barred from relying on those defenses and from introducing any evidence to attempt to avoid summary judgment based on those defenses.

The propriety of barring Lexon's affirmative defenses is not affected by Lexon's filing a Motion for Protective Order. The failure of a party to appear at its own deposition is not excused on the ground that the deposition is objectionable, and the filing of a motion for protective order – absent a court order – is not itself sufficient to avoid sanctions. See Hollar v. Myers, 184 B.R. 243 (M.D.N.C. 1995) ("a deponent is relieved of his or her duty to appear *only* if court order is granted before the scheduled deposition"); see also Leviton Mfg. Co., Inc. v. Shanghai Meihao Elec. Inc., 613 F. Supp. 2d 670 (D. Md. 2009) ("the majority of cases and commentators provide that a deponent (whether a party or non-party) must obtain an order excusing his appearance before the date set for discovery"); Alexander v. Fed. Bur. Invest., 186 F.R.D. 78, 86 (1998) ("the failure to appear at a deposition constitutes a violation of Rule 37(d) regardless of whether a motion for protective order has been filed"). Here, the Court did not grant Lexon's Motion for Protective Order.

Moreover, Lexon's Motion for Protective Order was filed at the last minute, on the eve of its deposition despite weeks of correspondence. See Motion for Protective Order. At the time of its "emergency" motion, Lexon had been aware of the purported ground

for the protective order for at least a year.  See Brunswick County Opposition to Emergency Motion for Protective Order.  In this context, sanctions are appropriate.

## III. BRUNSWICK COUNTY IS ENTITLED TO RECOVER THE PRINCIPAL AMOUNT OF THE BONDS, PLUS PRE-JUDGMENT INTEREST.

The cost to complete the Avalon infrastructure improvements guaranteed by the Bonds exceeds $3,584,875.44, the combined principal amount of the Bonds.  Brunswick County is therefore entitled to recover $3,584,875.44.

The Ordinance provides that an engineering estimate be used to determine the cost to complete guaranteed infrastructure improvements:

> Upon default, meaning failure on the part of the subdivider to complete the required improvements in a timely manner as spelled out in the performance bond … then the surety … shall, if requested by the Planning Board, pay all or a portion of the bond … to Brunswick County up to the amount needed to complete the improvements *based on an engineering estimate* ….

Berg, ¶7 and Exhibit 1 at §4.4.B.  Brunswick County timely served the expert report of Jerry W. Pierce, P.E., the Public Utilities Director for Brunswick County.  See Declaration of Jerry Pierce ("Pierce") at Exhibit 1.  As set forth in greater detail therein, Mr. Pierce estimated the cost to complete the guaranteed infrastructure improvements to be $3,933,525.00.  Pierce, ¶5 and Exhibit 1.  Lexon elected not to depose Mr. Pierce and failed to serve any opposing expert report and the deadline to do so has passed.  Pierce, ¶7 .  Thus, the only evidence of the cost to complete the improvements guaranteed by the Bonds is the unopposed engineering estimate by Mr. Pierce.

The cost to complete the infrastructure improvements – $3,933,525.00 – exceeds the combined principal amount of the Bonds – $3,584,875.44.  Brunswick County is therefore entitled to recover the full amount guaranteed by the Bonds.

Finally, Brunswick County is entitled to recover pre-judgment interest at the North Carolina legal rate, accruing as of April 1, 2009. N.C. GEN. STAT. §24-5 ("In an action for breach of contract, except an action on a penal bond, the amount awarded on the contract bears interest from the date of breach"); United States v. Dollar Rent A Car Sys., Inc., 712 F.2d 938, 940 (4th Cir. 1983) ("Courts have held that state law applies to questions involving prejudgment interest in diversity cases"). The legal rate of interest in North Carolina is 8% per annum. N.C. GEN. STAT. §24-1. Brunswick County therefore requests that judgment be entered in its favor in the amount of $3,584,875.44, plus interest of 8% per annum, accruing as of April 1, 2009.

## CONCLUSION

For the foregoing reasons, Brunswick County requests that the Court enter summary judgment as to liability in favor of Brunswick County and against Lexon and award damages in the amount of $3,584,875.44, plus prejudgment interest.

This the 8th day of January, 2010.

By:     /s/ Matthew H. Mall
        Robert W. Spearman
        N.C. State Bar. No. 4108
        Charles C. Meeker
        N.C. State Bar No. 6757
        Matthew H. Mall
        N.C. State Bar No. 36914
        Parker Poe Adams & Bernstein LLP
        150 Fayetteville Street, Suite 1400
        Post Office Box 389
        Raleigh, North Carolina  27602
        Phone:  (919) 828-0564
        Fax:  (919) 834-4564
        bobspearman@parkerpoe.com
        charlesmeeker@parkerpoe.com
        matthewmall@parkerpoe.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true copy of the foregoing was served on all parties to this action by electronic filing through the Clerk of Court using CM/ECF system.

Matthew C. Cox
Smith, Currie & Hancock LLP
1023 West Morehead Street
Charlotte, North Carolina 28208
mecox@smithcurrie.com
*Attorneys for Defendant Lexon Insurance Company*

This the 8th day of January, 2010.

/s/ Matthew H. Mall_____
Matthew H. Mall
N.C. Bar No. 36914
Parker Poe Adams & Bernstein LLP
150 Fayetteville Street, Suite 1400
Post Office Box 389
Raleigh, North Carolina 27602-0389
Phone: (919) 835-4626
Fax: (919) 834-4564
matthewmall@parkerpoe.com