IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

C.A. No. 7:09-CV-00060

COUNTY OF BRUNSWICK, )
)
Plaintiff, )
)
-vs- )
)
LEXON INSURANCE COMPANY, )
)
Defendant. )

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTFF'S MOTION FOR SUMMARY JUDGMENT

Defendant Lexon Insurance Company ("Lexon") submits this memorandum of law in opposition to Plaintiff's motion for Summary Judgment.

### NATURE OF THE CASE

Plaintiff Brunswick County, North Carolina (the "County") filed a Complaint on April 13, 2009 against Lexon seeking damages under Performance Bonds issued by Lexon for a project more commonly known as Avalon of the Carolinas located in the County of Brunswick, North Carolina (the "Subdivision"). On May 20, 2009, Lexon timely filed its Answer. On June 25, 2009, Lexon filed a Motion for Leave to Amend its Pleadings to add the Town & Country Developers at Wilmington, Inc., as principal, ("Town & Country") and James Bovino pursuant to a general agreement of indemnity. Additionally, Lexon filed a Motion to Stay

on October 20, 2009, based upon, Senate Bill 831, which became Session Law 2009-406 on August 2, 2009 (the "Act"), which Act extends the time for developers to perform under permits issued.

On November 20, 2009, Lexon filed a Motion for Joinder to add BMR Funding, LC and Regions Bank, N.A. (the "Owners"), which are the current property owners of the subject property based upon Lexon's claim that full and final relief cannot be had in the absence of the Owners of the Subdivision, and in their absence Lexon could be subject to inconsistent obligations. On November 23, 2009, Lexon filed a Motion for an Emergency Protective Order. No hearing or ruling has been made on any of the outstanding motions.

## FACTUAL BACKGROUND

In connection with the Subdivision, the County made a declaration of default against Town & Country on October 22, 2008. Defendant Lexon issued Performance Bonds numbered 1012878 and 1012879 on behalf of Town & Country for the Subdivision, naming the County as obligee.

On or about July 7, 2008, a portion of the development owned by Town & Country in Phase 1 and Phase 2 of the Avalon Subdivision was foreclosed upon by SPCP Group, LLC, after notice at the Brunswick County Courthouse (the "SPCP Property"). The SPCP Property was conveyed on or about July 21, 2008, by Trustee's Deed to SP Town, LLC which was assigned the winning bid from SPCP Group, LLC. These Deeds are recorded in Deed Book 2819, Page 858 and Deed

Book 2819, Page 869 in the Brunswick County Register of Deeds Office. On or about October 31, 2008, SP Town, LLC conveyed the SPCP Property to BMR Funding, LLC, a related or affiliated entity which shares the same principal office and manager, Silver Point Capital, L.P. at Two Greenwich Plaza, Greenwich, CT 06830. This Deed is recorded in Deed Book 2864, Page 1310.

On October 7, 2008, Regions Bank purchased the remaining portion of the Subdivision from foreclosure. On or about November 6, 2008, that portion of the development was conveyed by Trustee's Deed to Regions. These Deeds are recorded in Deed Book 2855, Page 708 and Deed Book 2855, Page 712 in the Brunswick County Register of Deeds Office.

Town and Country is no longer the record owner of the property and was not the record owner at the time of the filing of the Complaint. Brunswick County has filed a Motion for Summary Judgment alleging that Lexon is in breach of the Bonds.

## LEGAL ARGUMENT

Brunswick County essentially has alleged that Lexon has done nothing to defend this action. The fact is that Lexon has made numerous motions in an attempt to add proper parties, promote judicial economy and avoid inequities. These motions have been filed, but none have been ruled upon. Such silence has left Lexon uncertain as to how to defend this matter and this motion.

Lexon argues that Motion for Summary Judgment is not proper, given that all prior motions have not been ruled upon and if favorably ruled upon, would necessitate a new scheduling order and open this matter for additional discovery and promote that judicial economy could be achieved by having necessary parties added. *See Morrison Flying Service v. Deming Nat. Bank,* 340 F.2d 430 (10th Cir. 1965) (denying summary judgment where pending motion was relevant to determination of whether material facts were in dispute).

Lexon does not dispute that it issued the Bonds. Lexon does not dispute that the Bonds are Performance Bonds. Lexon contends that new parties who own the Subdivision should share in the costs, because any action taken by Lexon would unjustly enrich the new Owners. *See Lake Sarasota, Inc. v. Pan American Surety Co.,* 140 So.2d 139 (1962) (holding that purchasers of real property at a foreclosure sale benefited from surety bonds and that such purchasers who gave no consideration for the surety bonds would be unjustly enriched and should share in pro rata costs of construction).

On December 28, 2009, Lexon filed a complaint seeking a declaratory judgment and for unjust enrichment against the Owners, in this District filed as Civil Action Number 7:09-cv-00211 (the "Owner Action"). Lexon is seeking to consolidate these actions and has concurrently filed in the Owner Action a motion to consolidate, based upon the same or similar grounds as the pending motion for joinder in this matter.

Brunswick County's Motion for Summary Judgment should be denied because the County is not entitled to the relief sought as a matter of law. In essence, the County seeks a purely monetary award. Notwithstanding the inequities that would result if the current Owners were permitted to reap the benefits of Subdivision improvements without contributing to the attendant costs, it is quite possible that the County in this matter could take the money and not perform the improvements. The Owners have not yet been joined in this proceeding. Lexon submits that the fact that the Bonds are performance bonds coupled by the Act, would entitle Lexon to perform the improvements in lieu of paying the penal sum. Because Lexon's principal is not the Owner of the Subdivision, it can not perform such improvements without the permission of the Owners. And again, the issue of unjust enrichment is still as reality.

Granting summary judgment without ruling on the previously filed motions would deny Lexon the opportunity to perform these improvements or to hold other parties who may share in this responsibility liable. The pending motions address these issues, and granting summary judgment prior to resolution of the motions would be premature.

## CONCLUSION

For all of the reasons set forth in the previously filed Motions, additionally in the interest of judicial economy, Lexon respectfully requests that this Court deny Plaintiff's Motion for Summary Judgment.

This the 29th day of January, 2010.

        Respectfully submitted,

        **SMITH, CURRIE & HANCOCK LLP**

        /s/ Matthew E. Cox
        Matthew E. Cox (N.C. Bar No. 34781)
        1023 West Morehead Street
        Charlotte, North Carolina 28208
        Telephone: (704) 334-3459
        Facsimile: (704) 334-7850
        Email: mecox@smithcurrie.com
        **Attorneys for Defendant**
        **Lexon Insurance Company**

# CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties through their respective counsel as follows:

    Charles C. Meeker: charlesmeeker@parkerpoe.com
    Matthew H. Mall: matthewmall@parkerpoe.com
    *Attorneys for Plaintiff, County of Brunswick*

    /s/ Matthew E. Cox
    Matthew E. Cox (N.C. Bar No. 34781)
    1023 West Morehead Street
    Charlotte, North Carolina 28208
    Telephone: (704) 334-3459
    Facsimile: (704) 334-7850
    mecox@smithcurrie.com
    **Attorneys for Defendant**
    **Lexon Insurance Company**

- 7 -
Case 7:09-cv-00060-BO   Document 47   Filed 01/29/10   Page 7 of 7