IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CV-60-BO

| | | |
|---|---|---|
| COUNTY OF BRUNSWICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LEXON INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Lexon Insurance Company's Motion for Approval of Supersedeas Bond & Stay of Judgment. On May 19, 2010, this Court entered a judgment in favor of the County of Brunswick ("the County") against Lexon Insurance Company ("Lexon"). Lexon now requests a stay of that judgment pending appeal and has proffered a supersedeas bond in required amount.

But the supersedeas bond is inadequate to provide security for the judgment because Bond Safeguard, the issuing company, is an affiliate of Lexon that has already contracted to bear a substantial portion of Lexon's portfolio of risks - including the instant judgment. Pursuant to Rule 8 of the Federal Rules of Appellate Procedure, a party may move for a stay pending appeal and approval of a supersedeas bond. The purpose of a supersedeas bond is to "protect the interests of the judgment creditor who is being stayed from execution pending the outcome of the appeal." 12 Moore's Fed. Prac. § 62.01[1]. Local Rule 65.1 provides the Court "may enter pertinent orders restricting any bonding company or surety company from being accepted as

surety..." As Lexon's 2009 Annual Statement explains:

> Under the terms of the Pro-Rata Quota Share agreement, [Lexon] will reimburse Bond Safeguard 67% of the losses incurred by Bond Safeguard during the term of the treaty and in return will receive 67% of Bond Safeguard's direct written premiums, less a ceding commission. On July 1, 2009, the percentage on this agreement increased to 68% ... The second agreement is also a Pro-Rata Quota Share agreement, whereby [Lexon] will cede to Bond Safeguard 33% of its direct written premium, less a ceding commission and, in return, Bond Safeguard agrees to assume 33% of [Lexon's] losses incurred during the treaty period. On July 1, 2009, the percentage of this agreement decreased to 32%...

One risk secured by a supersedeas bond is the intervening insolvency of the judgment debtor. In the instant case, that risk arises from claims made on policies issued by Lexon. Because Bond Safeguard is already substantially exposed to claims against Lexon, the proposed supersedeas bond does not provide adequate security.

Therefore, Defendant's Motion to Stay is DENIED. But Defendant is hereby granted leave to file an Amended Motion to Stay proposing an adequate bond within twenty (20) days of the entry of this Order.

SO ORDERED, this ___ day of August, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE